IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| TONZIL JONES, | ) ) ) ) | |
| Plaintiff, | ) ) | No: 3:11-CV-00335 Campbell/Knowles |
| v. | ) ) ) | Jury Demand |
| THE VETERANS SUPPORT ORGANIZATION | ) ) ) | |
| Defendant. | ) | |

## PROPOSED CASE MANAGEMENT ORDER

**I.     Jurisdiction and Venue**

There are no jurisdictional or venue disputes. This Court has jurisdiction under the provisions of 28 U.S.C. Section 1332. Venue is proper under 28 U.S.C. Section 1391(a) and (c).

**II.     Parties' Theories of the Case**

**1.     Plaintiff's Theory of the Case**

Defendant unlawfully terminated Plaintiff's employment because Plaintiff refused to participate in illegal activities that jeopardized the public's safety, health and welfare. The actual laws that Plaintiff refused to break are found in the codes and regulations adopted by the City of Murfreesboro, Tennessee, and are attached to the Amended Complaint.

Specifically, Plaintiff was employed to collect donations for Defendant and was required to collect donations from drivers/passengers in cars that were on the streets of Murfreesboro, Tennessee. While collecting donations, a Murfreesboro police officer

informed Plaintiff that he could not be on the Murfreesboro street and that, if Plaintiff remained on the street, he could be fined or go to jail. Plaintiff then called up his supervisor to inform him of his conversation with the officer. Plaintiff told his supervisor that he would not remain on the street to collect donations because it was against the law. Upon being told that Plaintiff refused to remain on the street, Plaintiff's supervisor immediately terminated Plaintiff's employment.

2.  **Defendant's Theory of the Case**

Defendant, The Veterans Support Organization ["VSO"], denies liability in all respects herein. Further, even assuming liability might be established, the amount of damages that might be recovered by Plaintiff are reduced/diminished by the following: (a) upon information and belief, Plaintiff has been re-employed since leaving VSO; and (b) he has not lost fringe benefits, since no fringe benefits were provided with employment by VSO.

As for liability, VSO denies that it terminated Plaintiff based on any improper motive or retaliation. In truth, Plaintiff voluntarily left or quit employment by VSO. And, regardless, his alleged failure to participate in allegedly-unlawful activities (solicitation on the streets or roadways) was not a substantial-motivating factor in any decision-making process by VSO. At the very least, that was not the sole factor in such decision-making process.

Further, all personnel actions taken by VSO, of which Plaintiff may now complain, were based on legitimate, non-discriminatory/non-retaliatory business reason(s). Those reason(s) were grounded in the good-faith knowledge possessed by

VSO at the time. Thus, Plaintiff cannot establish liability and recover against VSO as alleged herein.

VSO has other defenses to Plaintiff's claims, all of which have been reserved in its Motion to Dismiss under F.R. Civ. P. 12 for Failure to State a Claim [Docket Entry # 4; filed with the Court on May 2, 2011]. The Court has yet to rule on said Motion; when that occurs (and if necessary), VSO will file its Answer to the First Amended Complaint. All rights and defenses are reserved.

Finally, VSO reserves the right (if and as appropriate) to seek reimbursement from Plaintiff for all reasonable expenses incurred in defense of this lawsuit, including reasonable attorney's fees. *See,* T.C.A. § 50-1-304(f).

### III. Schedule of Pretrial Proceedings

#### A. Rule 26(a)(1) Disclosure

The parties shall make their Rule 26(a)(1)(A) through (E) disclosures within thirty (30) days from the date of the initial case management conference (i.e., scheduled to be due July 5, 2011).

#### B. Motions to Amend Pleadings

The deadline for motions to amend the pleadings is Friday, August 5, 2011. The Court shall consider a request to amend beyond this deadline for proper cause.

#### C. Target Trial Date and Pretrial Discovery Matters

As determined at the case management conference, the target trial date on this matter is Tuesday, April 3, 2012.

.

.

.

.

All discovery shall be completed by the on or before November 4, 2011. Discovery is not stayed during dispositive motions, unless otherwise ordered by the Court. All written discovery shall be submitted in sufficient time so that the response shall be in hand by Wednesday, October 12, 2011. Local Rule 33.01(b) is expanded to allow 45 interrogatories aggregate, including sub-parts. All discovery related motions shall be filed on or before November 14, 2011. The parties will supplement all prior discovery responses and Rule 26 (a)(1) disclosures -- as needed and as provided by the Federal Rules of Civil Procedure -- by Friday, March 2, 2012.

All dispositive motions shall be filed on or before Monday, December 5, 2011. Any response thereto shall be filed within 28 days of the service of the Motion. Optional reply briefs shall be filed within 12 days thereafter. Briefs shall not exceed 25 pages.

**D.      Admissions of fact and stipulations of authenticity**

The parties anticipate that the authenticity of relevant documents will be stipulated.

**E.      Prospects for settlement**

The prospects of settlement are good, and counsel for the parties believe this case may be appropriate for a judicially supervised settlement conference or mediation.

F.      TRIAL: This case is set for jury trial on April 17, 2012, at 9:00 a.m. before the Honorable John T. Nixon. The pretrial conference is set for April 6, 2012 at 10:00 a.m.

It is so **ORDERED**.

**ENTERED** this the _____ day of June 2011.

_____
E. CLIFTON KNOWLES
United States Magistrate Judge

APPROVED FOR ENTRY:

DICKINSON WRIGHT, PLLC


BY: /s/ Robert C. Bigelow
    M. Reid Estes, #9043
    Robert C. Bigelow, #22022
    424 Church Street, Suite 1401
    Nashville, TN 37219
    615-244-6538

    *Attorneys for Plaintiffs*

BY: /s/Samuel D. Payne,
    Samuel D. Payne, BPR #019211
    Amy L. Wood, BPR #21765
    Rudy, Wood, Winstead & Williams, PLLC
    1812 Broadway
    Nashville, TN 37203
    Phone: 615-515-3530

    *Attorneys for Defendant*

NASHVILLE 41174-1 408861v1