# IN THE UNITED STATES DISTRICT COURT FOR
# THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| TONZIL JONES, | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:11-cv-00335 |
| | ) | Judge Nixon |
| v. | ) | Magistrate Judge Knowles |
| | ) | |
| | ) | JURY DEMAND |
| THE VETERANS SUPPORT | ) | |
| ORGANIZATION, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Pending before the Court is Defendant The Veterans Support Organization's ("Defendant" or "VSO") Motion to Dismiss ("Defendant's Motion") (Doc. No. 4) and Memorandum in Support (Doc. No. 5). Plaintiff Tonzil Jones ("Plaintiff") filed an Amended Complaint (Doc. No. 6) and a Response in opposition to the Motion (Doc. No. 7). For the reasons discussed herein, Defendant's Motion is **DENIED**.

**I. BACKGROUND**

*A. Factual Background[1]*

Plaintiff is a resident of Iowa. Defendant is a Rhode Island corporation authorized to do business in Tennessee. Defendant is a non-profit organization whose primary purpose is to aid United States military veterans. (Doc. No. 5 at 1.) Plaintiff was employed as a street solicitor collecting donations for Defendant beginning in May 2010. Plaintiff's job entailed carrying a

---
[1] All facts are taken from Plaintiff's Amended Complaint (Doc. No. 6) unless otherwise noted.

1

collections bucket and standing outside of businesses or on streets, asking passers-by to donate funds by placing money into his collections bucket.

On October 21, 2010, Plaintiff began collecting donations for Defendant on the streets of Murfreesboro, Tennessee. During his shift that day, Plaintiff alleges that a Murfreesboro police officer approached Plaintiff and informed him that he and the other VSO employees could no longer solicit donations on that street because "it was illegal and . . . Plaintiff could be fined and/or go to jail." Plaintiff thereafter called his supervisor, Kurt Jones, and informed him of the incident. Plaintiff told Jones that he refused to continue to collect donations on that street for fear of the imposition of fines or imprisonment. During the phone conversation, Jones discharged Plaintiff from further employment with Defendant.

Plaintiff alleges that Defendant fired him because he refused to participate in illegal activities relating to his collection of donations on the Murfreesboro street. He alleges that Defendant's actions constituted retaliatory discharge in violation of the Tennessee Public Protection Act (TPPA), Tenn. Code Ann. § 50-1-304, and the common law prohibition against retaliatory discharge.

*B. Procedural Background*

Plaintiff initiated this suit for retaliatory discharge against Defendant in the Circuit Court of Rutherford County, Tennessee on March 4, 2011. (Doc. No. 1-1.) Defendant timely filed a Notice of Removal to this Court based on diversity jurisdiction under 28 U.S.C. § 1332. (Doc. No. 1.) On May 2, 2011, Defendant filed a Motion to Dismiss (Doc. No. 4) and Memorandum in Support (Doc. No. 5). Plaintiff subsequently filed an Amended Complaint on May 13, 2011

(Doc. No. 6), and later filed a Response to Defendant's Motion to Dismiss on May 16, 2011 (Doc No. 7).

## II. LEGAL STANDARD

When ruling on a defendant's 12(b)(6) motion to dismiss, the Court "[c]onstrue[s] the complaint liberally in the Plaintiffs' favor and accept[s] as true all factual allegations and permissible inferences therein." *Gazette v. City of Pontiac,* 41 F.3d 1061, 1064 (6th Cir. 1994). In order to survive a motion to dismiss, "[a plaintiff] must plead 'enough factual matter' that, when taken as true, 'state[s] a claim to relief that is plausible on its face.'" *Fabian v. Fulmer Helmets, Inc.*, 628 F.3d 278, 280 (6th Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007)). Where, from the factual matter pleaded, the Court "can 'draw the reasonable inference that the defendant is liable for the misconduct alleged,' a plaintiff's claims must survive a motion to dismiss." *Fabian*, 628 F.3d at 281 (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1939 (2009)). As such, the Court must allow a "well-pleaded complaint [to] proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly,* 550 U.S. at 556 (quoting *Schuer v. Rhodes*, 534 U.S. 232, 236 (1974)).

## III. DEFENDANT'S MOTION TO DISMISS

Defendant requests that the Court dismiss Plaintiff's retaliatory discharge claims for failure to state a claim upon which relief can be granted. Specifically, Defendant argues that

Plaintiff's "Complaint fails to state a claim because it does not specify what putative criminal or civil statute (United States or Tennessee) – or regulation – is even at issue." (Doc. No. 4 at 2.)

To state a plausible claim of retaliatory discharge under the TPPA, Plaintiff must allege, *inter alia*, that he was fired for "his refusal to participate in, or remain silent about, 'illegal activities' as defined under the [TPPA]." *Escher v. BWXT Y-12, LLC,* 627 F.3d 1020, 1031 (6th Cir. 2010) (citing Tenn. Code Ann. § 50-1-304; *Anderson v. Standard Register Co.*, 857 S.W.2d 555, 558 (Tenn. 1993)). The TPPA defines the term "illegal activities" as "activities that are in violation of the criminal or civil code of this state or the United States or any regulation intended to protect the public health, safety or welfare." Tenn. Code Ann. § 50-1-304(a)(3). To state a plausible claim of retaliatory discharge under Tennessee common law, Plaintiff must allege, *inter alia*, "'that the reason for the discharge was that the employee attempted to exercise a statutory or constitutional right, or for any other reason which violates a clear public policy evidenced by an unambiguous constitutional, statutory, or regulatory provision.'" *Yates v. Hertz Corp.*, 285 F. Supp. 2d 1104, 1110 (M.D. Tenn. 2003) (quoting *Crews v. Buckman Labs. Int'l, Inc.,* 78 S.W.3d 852, 862 (Tenn. 2002)). Both causes of action require a showing that a plaintiff was discharged for refusing to engage in conduct that is counter to regulations evincing a clear public policy.

Plaintiff has filed an Amended Complaint (Doc. No. 6), which enumerates four sections of the Murfreesboro Code detailing various regulations regarding street and pedestrian safety and solicitation of business or contributions. Specifically, Plaintiff cites the following sections:

> Section 21-8 (Loitering and obstructing street or streets, etc.): Wherever any obstruction or obstructions occur within the city by reasons of persons standing or congregating on any street or streets . . . making it difficult, or interfering with, the movement of vehicular traffic, it shall be the duty of the police to notify or request the persons causing the obstruction or obstructions to move away, and it shall be unlawful and a misdemeanor for any person to fail to obey such

4

notifications or requests and so to move away; and, in any such event, it shall be the duty of the police to arrest, and to prefer charges against, each such person for each and every violation . . . .

Section 32-1105(a) (Pedestrians on roadways): Where sidewalks are provided, it shall be unlawful for any pedestrian to walk along and upon an adjacent roadway.

Section 32-1106(b) (Pedestrians soliciting rides or business): No person shall stand on a highway for the purpose of soliciting employment, business, support, or contributions from the occupant of any vehicle.

Section 28-10 (Obstructing streets and sidewalks by dealers in automobiles, trucks and other vehicles): In order that the movement of the fire fighting apparatus of the city may not be interfered with, dealers in automobiles, trucks and other vehicles shall not obstruct the streets and sidewalks of the city by storing automobiles, trucks or other vehicles thereon, when the same are not in use.

(Doc. Nos. 6-1 at 2, 6-2 at 2, 6-3 at 2.)

In assessing the merits of a retaliatory discharge claim, "[courts] do not simply look at whether a law or regulation has been violated, but rather . . . 'whether some important public policy interest embodied in the law has been furthered by the employee's actions.'" *Franklin v. Swift Trans. Co., Inc.,* 210 S.W.3d 521, 532 (Tenn. Ct. App. 2006) (quoting *Guy v. Mut. of Omaha Ins. Co.*, 79 S.W.3d 528, 538 (Tenn. 2002)). Accordingly, in order to survive Defendant's Motion, Plaintiff must allege a specific statutory or regulatory basis for his claim so that the Court may "determin[e] whether Defendant violated a statute or regulation that implicates (1) 'the public health, safety, or welfare' as required by the TPPA or (2) 'important public policy concerns' as required by the common law." *Clark v. Hoops, LP*, 709 F. Supp. 2d 657, 670 (W.D. Tenn. 2010) (quoting *Franklin*, 210 S.W.3d at 528) (finding that a plaintiff's retaliatory discharge claim could not move forward because the plaintiff had failed to allege a specific statutory or regulatory basis for his claim).

Plaintiff alleges in his Amended Complaint that he refused to violate the cited Murfreesboro Code sections by continuing to solicit donations on the street, after having been made aware of the Code provisions by the Murfreesboro police officer. (Doc. No. 7 at 3.) Plaintiff asserts that each of the aforementioned regulations were enacted to protect the public health, safety, or welfare by "requiring individuals . . . not to place themselves in a position where they could be standing in the road and get hit by a car or where they could cause a distracted driver to have an accident." (*Id.*) Plaintiff further contends that his refusal to continue to solicit donations on the street therefore constituted a refusal to engage in "illegal activities" that are in violation of a public health, safety, or welfare regulation. (*Id.*) Plaintiff has thus alleged a specific statutory or regulatory basis for his claim, and pleaded facts sufficient to implicate questions of public health, safety, and welfare. Accordingly, Plaintiff has stated a plausible claim upon which relief may be granted and the Court must decline to dismiss this action.

**IV.    CONCLUSION**

For the reasons stated above, Defendant's Motion is **DENIED**.

It is so ORDERED.

Entered this __22nd__ day of June, 2011.

JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT